# COMMON PLEAS OF LACKAWANNA CO.

## *STONE VS. EISMAN AND WIFE*

RULE TO ENTER BAIL FOR APPEAL FROM AWARD OF AR-
BITRATORS.

*Courts will give their rules a liberal construction and aaminis-
ter them so as to secure suitors in their constitutional rights.*

This was a rule to show cause why bail should not be
entered for an appeal from an award of arbitrators. From
the record and the depositions filed in the case it appeared
that the plaintiff brought an action of ejectment against
the defendants for a lot of land sold upon contract to
Elizabeth Eisman, one of the defendants. The case was
ruled out of Court under the Compulsory Arbitration
Act and tried before a board of arbitrators, who found
for the plaintiff and against the defendants for the land
described in the writ conditioned, however, upon the
payment of a certain sum by the defendants to the plain-
tiff. This award was filed in the Prothonotary's office on
the 25th of February, 1879. On the 12th of March the
defendants appealed from this award. On the 17th of
March the plaintiff filed exceptions to the sufficiency of the
bail for appeal and served a notice upon the defendants to
appear and justify or put in new bail within ten days, ac-
cording to rule of Court. On the 27th of March, the de-
fendants failing to appear, the bail was stricken off.

Elizabeth Eisman, the defendant in interest, was ar-
rested on the 16th of March and was confined in the
county prison for thirty days from that date. At the
first court after her release she applied for and obtained
this rule.

AMERMAN for Rule. The bail in this case was stricken off under a rule of Court. Rules of Court are to be administered in subordination to the rights and equities of suitors.

Magill's Appeal, 9 P. F. Smith, 430.

Sterling vs. Ritchey, 17 S. & R., 263.

The bail having been excepted to twenty days after the award was filed the defendants are *entitled* to enter new bail.

Davis vs. Black, 12 S. & R., 327.

CAMPBELL Contra. A rule of Court is a law of the Court. Under this law the bail in this case was properly stricken off. It is now too late under the statute to enter new bail, being more than twenty days since the filing of the award.

There are two defendants in this case, only one of whom was prevented from attending to the perfecting of bail.

The defendant confined in jail should have attended to perfecting bail by her agent or counsel.

Rule absolute. Bail to be entered within one week.

Oral opinion by HAND, J.